UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. JAYNE,<br><br>        Petitioner,<br><br>    v.<br><br>CHARLES L. LOCKETT, et al.,<br><br>        Respondents. | No. 2:14-cv-1887 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner is incarcerated at the Federal Correctional Complex in Coleman, Florida. (ECF No. 1 ("Ptn.") at 1.) He challenges his July 2011 conviction in the Shasta County Superior Court for battery on a custodial officer, resisting an executive officer, and related offenses. (Id.) Petitioner indicates that after he pled no contest to these charges, he was sentenced to a prison term of five years, four months. (Id.) Petitioner did not directly appeal this conviction, but filed

1

petitions for writs of habeas corpus challenging the conviction in the state courts. (Id. at 2.) His state habeas claims, which he reasserts in the instant federal petition, include claims that the trial court erred in not appointing petitioner counsel, and actual innocence. (Id. at 3.)

Petitioner asserts that the 2011 conviction "has aggravated [his] federal sentencing in which his points in the USSG [federal Sentencing Guidelines] were increased and he was given an increased sentence in federal prison." (Id. at 5.)

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdiction for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978–979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). Second, section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Baily, 599 F.3d at 980.

In its March 2013 denial of petitioner's application for habeas corpus, the Shasta County Superior Court reasoned as follows:

> Upon reviewing the Petition, this Court contacted the Austin, Texas Division of the U.S. Attorney's Office to determine if the Petitioner's sentence was in fact enhanced based on a Shasta County conviction. The Petitioner's federal criminal matter arose out of a violation of federal firearms laws. Although the Petitioner's sentence was enhanceable, pursuant to a plea bargain in the U.S. District Court for the Western District of Texas, case #A-12-CR-401, on March 13, 2013 the petitioner was sentenced to 10 years with no enhancements. Furthermore, the Petitioner waived all appellate rights in conjunction with that negotiated disposition.
>
> The Petitioner's Shasta County cases are final. To the extent that the Petitioner's federal sentence in the U.S. District court *may* have subjected him to an enhanced penalty due to his Shasta County convictions, it was not actually enhanced. Therefore, the issue is moot and the restraint requirement of Penal Code section 1473[1] has

---

[1] "Every person unlawfully imprisoned or restrained of his liberty . . . may prosecute a writ of

2

not been met. (Ptn. at 43; see id. at 45-52 (petitioner's March 13, 2013 plea agreement in the U.S. District Court, Western District of Texas).)

On the record before the court, there is no evidence that petitioner is currently "in custody" pursuant to his Shasta County conviction. Thus the court lacks jurisdiction to consider the instant petition and will recommend that it be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner's motion for appointment of counsel (ECF No. 4) is denied as moot; and

3. The Clerk of Court shall assign a district judge to this action.

IT IS HEREBY RECOMMENDED THAT the petition be dismissed without prejudice for lack of jurisdiction, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jayn1887.custody

---

habeas corpus, to inquire into the cause of such imprisonment or restraint."  Cal. Penal Code §1473(a).